Law Offices of Travis A. Gagnier, Inc. P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

Judge Christopher M. Alston
CHAPTER 13
Hearing Date: July 11, 2019
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

**WALKAMA, Gary and Vonda,**

Debtors.

No. 15-17221

**DEBTORS' MEMORANDUM OF AUTHORITIES RE MOTION FOR RELIEF FROM STAY BY ABINBOLA NELLAMS and PROOF OF SERVICE**

COME NOW, the Debtors, by and through their attorney, Travis A. Gagnier, and files this Memorandum of Authorities as requested by the Court at the hearing which was held on May 23, 2019. The Court raised concerns that Nellams was not told of the hearing date for the confirmation hearing the 341 Notice prepared by the Clerk and provided to all creditors in the case (including Nellams).

**I. FACTS**

The Debtors filed this case on December 9, 2015. All creditors were noticed by the BNC on December 12, 2015, per docket No. 12 in this case. All creditors were serviced with the 341 Notice prepared by the Clerk at docket No. 7 in this case. Pursuant to Rule 201(c)(2), the Debtors request that the Court take judicial notice of the docket and filings in this proceeding as well as the docket and filing in the Federal District Court proceeding (#13-cv-01504-JCC). A copy of the District Court Docket is attached hereto as an Exhibit. Nellams was added to the creditor matrix and noticed on December 22, 2015, per docket No. 17 in this case. He was provided with a copy of the plan and 341 notice issued by the Clerk. Proof of Service, Docket no. 17 in this case.

DEBTORS' MEMORANDUM OF AUTHORITIES
RE: MOTION FOR RELIEF FROM STAY and
PROOF OF SERVICE - 1

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Referring to the 341 notice, it did not include a date for the confirmation hearing. Docket no. 7 in this case. Based on counsel's research, it appears that new forms took effect on December 1, 2015. For the month of December 2015 only, the 341 notices were issued without hearing dates for confirmation where the plan was not filed with the original filing. Starting in January 2016, the language in the 341 notice was changed to include the confirmation hearing date in all 341 notices. All creditors received the notices without the date, not just Nellams. The 341 notices did include, however, a deadline to file proofs of claim and other details about the case to put creditors on notice. Docket no. 7 in this case.

Nellams had actual notice of the bankruptcy filing. His counsel acknowledged as much at the hearing on the record on May 23, 2019. As discussed in the prior filing, the District Court case was stayed by the filing of the case and all parties were aware. Debtor filed an LCR 89 notice with the Federal District Court on that docket at No. 120 in the District Court case on December 22, 2015.

**II. "PROVIDED FOR IN THE PLAN"**

At the hearing on May 23, 2019 the Court inquired whether the debt owed Nellams was provided for in the Debtors' Plan. The unliquidated and disputed claim owed Nellams would be an unsecured claim. Unsecured claims are "provided for" in the Form Chapter 13 Plan which all debtors are required to use in the Western District of Washington. Specially, unsecured claims are provided for in Paragraph IV.E of the Form Plan in effect at the time and confirmed in this case.

The U.S. Supreme Court in In *Rake v. Wade*, (508 US 464 (1993)) interpreted the phrase "provided for" in § 1325(a)(5) of the Bankruptcy Code. In *Rake*, the debtors filed for Chapter 13 bankruptcy while in default on their home mortgages, and their bankruptcy plans proposed to cure the defaults through repayment schedules that would be administered inside the plans. 508

DEBTORS' MEMORANDUM OF AUTHORITIES
RE: MOTION FOR RELIEF FROM STAY and
PROOF OF SERVICE - 2

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Case 15-17221-CMA    Doc 53    Filed 07/12/19    Ent. 07/12/19 13:57:19    Pg. 2 of 5

U.S. at 466–67. The Court determined that "[t]he most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in a plan." Id. at 473.

Applying the *Rake* rationale in the instant case leads to the conclusion that if Nellams is the holder of an unsecured claim, it is part of a class for which the Plan has provided. In other words, Nellams' claim is "provided for" by paragraph IV.E of the confirmed plan.

It is important to note, however, that regardless of class or provision, Nellams did not file a proof of claim in this matter. The 341 notice to creditors in this case (and all cases) clearly states the deadlines for creditors to file claims. Nellams chose not to file a claim. So, even though Nellams is a member of the class of unsecured creditors, since he did not file a claim, he will not be entitled to a payment from the Chapter 13 trustee should funds be available for unsecured creditors.

### III.    DUE PROCESS

At the last hearing the Court had a question in regards to the notice provided creditors in this case in regards to the confirmation hearing. Rather than not being "provided for" in the plan, it seems the concern is more aptly of whether or not Nellams was deprived of due process because the 341 notice issued by the Clerk during the month of December 2015 in all Chapter 13 cases did not include the date of the confirmation hearing.

In this case Mr. Nellams was listed as a creditor and received actual notice of the bankruptcy case no later than December 22, 2015, when the LCR 89 notice was filed in the Federal District Court proceeding. Nellams counsel acknowledged that he and his client were aware of the bankruptcy filing back then. The Bankruptcy Notice sent out by the Court was sent to Mr. Nellams at his counsel's address notifying him of the Chapter 13 filing.  Darryl Parker, Nellam's attorney, filed a Notice of Appearance in the federal district lawsuit Nellam filed against the debtors and others on August 23, 2013. This is important as Parker was counsel for

DEBTORS' MEMORANDUM OF AUTHORITIES
RE: MOTION FOR RELIEF FROM STAY and
PROOF OF SERVICE - 3

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA  98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Case 15-17221-CMA    Doc 53    Filed 07/12/19    Ent. 07/12/19 13:57:19    Pg. 3 of 5

Nellams when a Notice of Bankruptcy Filing was filed in the Federal District Court lawsuit on December 22, 2015 (Chapter 13 filed December 9, 2015) again putting Nellams on notice of a bankruptcy filing. That would have been the second time Nellam was informed of the bankruptcy filing.

In the Ninth Circuit, according to *Matter of Gregory*, 705 F.2d 1118, 1120 (9th Cir. 1983), notice of the bankruptcy filing puts a creditor on notice of the filing and thus he was on inquiry notice, thus, satisfying due process. Another case, *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1431 (9th Cir. 1990), similarly held that although the creditor was not listed by the debtor in court documents, and thus failed to receive actual notice of the claims bar date, the creditor received sufficient notice of the bankruptcy and creditor's meeting when it was informed of the bankruptcy by the debtor's attorney. The Court in *Coastal* held that "[l]ike the creditors in *Gregory* and *Price,*[the creditor] actually received information about the bankruptcy proceedings that was sufficient to put it on inquiry notice. Its due process claim thus fails." *Coastal* at 1431.

## IV. **CONCLUSION**

There is no valid reason to terminate the automatic stay to liquidate a claim that has been provided for in the Debtors' Chapter 13 bankruptcy proceeding. "Provided for" is a term of art defined by the Supreme Court in *Rake* and Nellams' claim was clearly "provided for" in the confirmed plan. Nellams' had actual notice of the bankruptcy case early on, no later than December 22, 2015, and acknowledged as much as the last hearing. Thus, his due process rights were not violated by not being advised in the 341 notice of the date of the confirmation hearing. All of this is beside the point, too, that Nellams waived any right to receive funds from this case regardless of the contents of the plan when he failed to file a proof of claim by the deadline set forth in the notices he did receive. Thus, whatever is owed, if anything, will be discharged upon completion of their Chapter 13 bankruptcy proceeding without the need for further litigation. The

DEBTORS' MEMORANDUM OF AUTHORITIES
RE: MOTION FOR RELIEF FROM STAY and
PROOF OF SERVICE - 4

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Case 15-17221-CMA    Doc 53    Filed 07/12/19    Ent. 07/12/19 13:57:19    Pg. 4 of 5

motion for relief from stay should be denied.

Respectfully submitted this 12th day of July 2019.

/s/ Travis A. Gagnier
Travis A. Gagnier, #26379
Attorney for Debtors

**PROOF OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that I filed the original of the foregoing with the United States Bankruptcy Court in Seattle and served a true copy thereof to Darryl Parker via ECF on the date filed with the Court

/s/ Shari L. Moody
Shari L. Moody
Sr. Paralegal

DEBTORS' MEMORANDUM OF AUTHORITIES
RE: MOTION FOR RELIEF FROM STAY and
PROOF OF SERVICE - 5

LAW OFFICES OF TRAVIS
GAGNIER, INC., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Case 15-17221-CMA    Doc 53    Filed 07/12/19    Ent. 07/12/19 13:57:19    Pg. 5 of 5